**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) DIRECTED AT APPLE, INC.** | SC No. 19-sc-1811<br><br>**Filed Under Seal** |

### APPLICATION OF THE UNITED STATES FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) DIRECTED AT APPLE, INC.

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require Apple, Inc. ("Apple"), an electronic communications and/or remote computing service provider located in Cupertino, California, to disclose certain records and other information relating to the accounts described in Part I of Attachment A to the proposed Order. The items to be disclosed are described in Part II of Attachment A. In support of this application, the United States asserts:

### LEGAL BACKGROUND

1.  Apple is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require Apple to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(1)-(2).

2.  This Court has jurisdiction to issue the requested Order because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(1)(A), (c)(1)(A). Specifically, the Court is a "district court of the United States . . . that – has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i). As discussed more fully below, the criminal offenses under investigation began or were committed upon the high seas, or elsewhere out of the jurisdiction of any particular State or district, and no offender is known to

have, or have had, residence within any United States district. *See* 18 U.S.C. § 3238. Furthermore, the offenses under investigation are the subject of a grand jury investigation in the District of Columbia.

3. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

4. The United States Capitol Police ("USCP") is investigating possible violations of, inter alia, 18 U.S. Code § 2261A (Cyberstalking) and 18 U.S. Code § 875C (Interstate Communications). Specifically, this investigation concerns a subject located in Antioch, California who has been engaged in a course of conduct where they have sent multiple threatening email communications to the Washington, DC office of U.S. Senator 1.

5. On Jun 21, 2019 and July 22, 2019, The USCP received reports from U.S. Senator 1's Washington, DC office regarding threaten emails they received from an unknown subject(s) using the IP address 73.162.224.166 and the same fake residential return address of 1801 Sulgrave Road. Louisville, KY 40205.

6. The following statements were included in the reported emails

   a. "You racist fucking criminal chinc loving mother fucker. You are going down in 2020 and then you will suffer the consequences and they will burn your life down."

   b. "We need your chink whore to go back "to where the fucking gook came from. You

motherfucking racist scum. The Kentucky Resistance says they are going to cut your throat from ear to ear and then your gook wife's"

7. The USCP investigation revealed that IP address 73.162.224.166 was belongs to Comcast Cable and is the IP address for the Wifi service used at the Antioch Marina located in Antioch, California.

8. USCP received several previous reports from U.S Senator 1's Washington, DC office related to similarly threatening emails they received from the same IP address and the investigations identified Howard Alan Weiss (Weiss) as the sender of the threatening emails.

9. On November 2, 2018, A USCP agent interviewed WEISS, a resident of Antioch, Marina in Antioch, California regarding an email that was sent to U.S Senator 1's Washington, DC office from the IP address 73.162.224.166 that included the following statement:

    a. From Criminalturtleisdone@deadrepublican.net : " Turtle cum drinker, the yelling resistance should have put a bullet in your head and then kill all the people you love!"

10. During the interview, WEISS admitted to sending the email to U.S Senator 1's Washington, DC office. WEISS also stated that the reason he uses fake names and Kentucky addresses is to make sure that U.S Senator 1 receives his email messages.

11. USCP also spoke to investigators with the US Department of Labor who received two threatening emails from WEISS in February 2019. Both emails were sent from the email address Howardaw2013@icloud.com.[1] The signature line of the email read the phrase "sent from my iPhone."

12. On July 24, 2019 and August 27, 2019, USCP submitted a preservation request to

---

[1] Based on my training and experience, I know that emails with the domain name Icloud.com are email address controlled by Apple Inc.

Apple for the phone number 510-388-1774 and the email address Howardaw2013@icloud.com

13. Based on the training and experience of the agents involved in this investigation, it is also known that Apple accounts are often connected by phone numbers, email address, device cookies and other identifiers that are also tied to other Apple accounts and services

14. The proposed Order seeks records and other information (not including the contents of communications) concerning any Apple products that are connected by the phone number and email address in question which may lead to evidence of the criminal activity under investigation and may help identify those responsible for the account(s).

## REQUEST FOR ORDER

15. The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help the Government identify and locate the individual(s) who are responsible for the criminal activity under investigation, and determine the nature and scope of that criminal activity. Accordingly, the United States requests that Apple be directed to produce all items described in Part II of Attachment A to the proposed Order.

16. The United States further requests that the Order require Apple not to notify any other person of the existence of the Order, including the subscriber or customer of each account identified in Attachment A. *See* 18 U.S.C. § 2705(b). Acting under 18 U.S.C. § 2703(c)(1)-(2), the Government "is not required to provide notice to a subscriber or customer" regarding the proposed Order. *See* 18 U.S.C. § 2703(c)(3). Furthermore, this Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom . . . [the] court order is directed, for such period as the court

deems appropriate, not to notify any other person of the existence of . . . [the] court order." *See* 18 U.S.C. § 2705(b). Such a "nondisclosure order" must be issued if this Court finds "reason to believe that notification . . . will result in—(1) endangering the life or physical safety of an individual; (2) flight from prosecution; (3) destruction of or tampering with evidence; (4) intimidation of potential witnesses; or (5) otherwise seriously jeopardizing an investigation or unduly delaying a trial." *Id.*; *see In re Application for Order of Nondisclosure Pursuant to 18 U.S.C. § 2705(b) for Grand Jury Subpoena #GJ2014031422765*, 41 F. Supp. 3d 1, 5 (D.D.C. 2014) ("Once the government makes the required showing under § 2705(b), the court is required to issue the non-disclosure order.").

17.     An order of nondisclosure is necessary because the proposed Order relates to an ongoing criminal investigation that is neither public nor known to the target(s) of the investigation, and its disclosure may alert the target(s) to the ongoing investigation. Once notified, potential target(s) would be prompted to destroy or conceal incriminating evidence, change patterns of behavior to evade future detection, and otherwise attempt to undermine the investigation and avoid prosecution. Accordingly, there is reason to believe that notification of the existence of the proposed Order would seriously jeopardize the investigation, including by giving potential target(s) an opportunity to flee from prosecution, destroy or tamper with evidence, and intimidate potential witnesses. *See* 18 U.S.C. § 2705(b)(2)-(5).

18.     Given the complex nature of the criminal activity under investigation the Government anticipates that this investigation will remain ongoing and confidential for the next year or longer. However, if circumstances were to change such that the requested order of nondisclosure becomes no longer necessary, the Government will notify the Court and seek appropriate relief.

19. In this matter, the Government also requests that the instant Application and the Order be filed under seal. The Court has the inherent power to seal court filings when appropriate, including the proposed Order. *United States v. Hubbard*, 650 F.2d 293, 315-16 (D.C. Cir. 1980) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)). More particularly, the Court may seal the Application and Order to prevent serious jeopardy to an ongoing criminal investigation when such jeopardy creates a compelling governmental interest in confidentiality. *See Washington Post v. Robinson*, 935 F.2d 282, 287-89 (D.C. Cir. 1991). For the reasons stated above, the Government has a compelling interest in confidentiality to justify sealing the Application and Order. *See id.*

Respectfully submitted,

JESSIE K. LIU
United States Attorney
D.C. Bar No. 472845

By: /s/
Thomas Gillice
Assistant United States Attorney
D.C. Bar **452336**
555 4th Street, N.W. 11th Floor
Washington, DC 20530
202-252-1791
Thomas.Gillice@usdoj.gov